■ INEZ L. McCORT, Respondent, v AVIS RENT-A-CAR SYSTEM, INC., Appellant, et al., Defendant.—In an action to recover damages for personal injuries arising out of an automobile accident in Germany, defendant Avis Rent-A-Car System, Inc., appeals from an order of the Supreme Court, Nassau County, dated January 23, 1976, which granted plaintiff's motion to reargue and, upon reargument, denied its motion to dismiss the action on the ground of *forum non conveniens.* Order affirmed, with $50 costs and disbursements. The discretion of the Special Term was properly exercised. Upon the argument of this appeal, as at Special Term, appellant stated that, if this action were relegated to the courts of California, where plaintiff's claim is time-barred, it would not waive pleading the Statute of Limitations defense, which is available to it under the laws of California. Cohalan, Acting P. J., Rabin, Shapiro and O'Connor, JJ., concur.

■ MIRKIN, BARRE, SALTZSTEIN & GORDON, P. C., Appellant, v ARUNDEL CORPORATION, Respondent. (And a Third-Party Action.)—In an action *inter alia* on two written retainer agreements, plaintiff appeals from an order of the Supreme Court, Nassau County, dated October 29, 1975, which, *inter alia,* denied its motion for summary judgment. Order affirmed, without costs or disbursements. There is support in the record for Special Term's denial of plaintiff's motion for summary judgment. Cohalan, Acting P. J., Rabin, Shapiro and O'Connor, JJ., concur.

■ CAROL B. PAETOW, Appellant, v PETER VAN ERP, Respondent.—In an action *inter alia* to replevy certain chattels and to recover damages for their conversion, plaintiff appeals from an order of the Supreme Court, Dutchess County, dated April 20, 1976, which denied her motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, and motion granted to the extent that plaintiff is awarded partial summary judgment as to her replevin cause of action and defendant is directed to return to plaintiff all property in his possession belonging to the Paetows. The question of damages to plaintiff's property is to be tried along with defendant's counterclaims. Defendant has failed to establish any valid security interest in the furniture, furnishings, clothing and other property belonging to the Paetows, which are presently in his possession. Any factual questions raised by defendant's counterclaims do not affect defendant's obligation to return the property wrongfully taken. Hopkins, Acting P. J., Martuscello, Damiani and Titone, JJ., concur.

■ WILLIAM PEET, Respondent, v SHERATON INN AT LA GUARDIA, Also Known as SHERATON-LA GUARDIA HOTEL, et al., Appellants.—In a negligence action to recover damages for personal injuries, defendants appeal from a judgment of the Supreme Court, Queens County, entered January 23, 1976, which is in favor of plaintiff and against them, after a jury trial limited to the issue of liability only, the parties having stipulated to the amount of damages. Judgment affirmed, with costs. The verdict is supported by credible evidence and there is no basis upon which to disturb it. Hopkins, Acting P. J., Martuscello, Damiani and Titone, JJ., concur.